UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALDO O'KEITH BURNETT,

    Petitioner,

v.                                                    Case No. 3:19-cv-527-RV-MJF

MARK S. INCH,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Geraldo Burnett has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") answered, providing relevant portions of the state court record. (Doc. 12). Burnett replied. (Doc. 25). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Burnett is not entitled to habeas relief.[1]

**I. BACKGROUND AND PROCEDURAL HISTORY**

Burnett was a regular customer at the Shop N Go Grocery store on West Cervantes Street in Pensacola, Florida. On August 1, 2013, Burnett entered the Shop

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 14

N Go Grocery; held a weapon to the cashier's head; said "You already know who this [sic] and y'all better not say nothing;" and took currency and a money order from the cash register. Immediately after Burnett fled, the cashier called police, reported the robbery, and told police she knew who the robber was. A canine officer tracked the scent of the robber to Burnett's home. In the meantime, officers spotted Burnett in the vicinity of the store, detained him, and conducted a show-up where the cashier identified Burnett as the robber. Police obtained a search warrant for Burnett's home where they seized $599 in currency as well as clothing matching that of the robber. (Doc. 17-6 and 17-7, Exs. K-M (Trial Tr.)).**²**

In Escambia County Circuit Court Case No. 2013-CF-3818, Burnett was charged with Robbery Armed with a Firearm. (Doc. 17-1, Ex. A at 54).³ Burnett was tried on August 25 and 29, 2014. (Doc. 17-6 and 17-7, Exs. K, L, M). The jury found Burnett guilty of the lesser included offense of Robbery with a Weapon. (Doc. 17-

---

² The facts are drawn from the evidence presented at trial, viewed in the light most favorable to the State. *See Jackson v. Virginia*, 443 U.S. 307 (1979).

³ Citations to the state court record are to the electronically-filed exhibits attached to the State's answer (Doc. 17). The court cites the attachment number followed by the lettered exhibit and the page number assigned by the court's Electronic Case Filing (ECF) system. The court ordinarily would use the page number of the original document, or a Bates stamp number, but not all documents in the state court record have such a number.

2, Ex. B at 62 (Verdict)). The trial court adjudicated him guilty and sentenced him to 10 years of imprisonment. (Doc. 17-2, Ex. B at 128-134 (J. & Sentence); Doc. 17-7, Ex. N at 353-358 (Am. J. & Sentence)).

Burnett appealed to the Florida First District Court of Appeal ("First DCA"). (Doc. 17-2, Ex. B at 137). His counseled initial brief presented six issues:

> ISSUE I:  Mr. Burnett's due process right to a fair trial was abridged during the Faretta hearing because the trial court abandoned its role as a neutral and detached arbiter.
>
> ISSUE II:  Deficient proof of any "weapon" possession rendered the evidence wholly insufficient to prove any crime except that of unarmed robbery.
>
> ISSUE III:  The trial court erred in admitting evidence of the jail house phone call because the evidence was irrelevant, its prejudicial effect outweighed any probative value it may have had and it became a feature of the trial.
>
> ISSUE IV:  The cumulative effect of the prosecutor's misconduct during closing was fundamental error.
>
> ISSSUE V:  The trial court improperly foreclosed Mr. Burnett from arguing the theory of his case.
>
> ISSUE VI:  Cumulative errors deprived appellant of a fair trial.

(Doc. 17-8, Ex. R). The First DCA affirmed on February 15, 2017, *per curiam* and without written opinion. *Burnett v. State*, 229 So. 3d 1222 (Fla. 1st DCA 2017) (Table) (copy at Doc. 17-8, Ex. U).

On March 27, 2017, Burnett filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, (Doc. 17-8, Ex. V), which he amended (Doc. 17-8, Ex. W). Burnett's amended motion raised three claims:

> Ground 1: The trial court lacked jurisdiction to enter the judgment because there was insufficient evidence that a weapon was used during the robbery.
>
> Ground 2: The trial court lacked jurisdiction to enter the judgment because the court admitted irrelevant evidence of the jail phone call.
>
> Ground Three: The trial court lacked jurisdiction to enter the judgment because the victim's identification of Burnett as the robber was insufficient to support his conviction.

(Doc. 17-8, Ex. W).

On July 3, 2017, the state circuit court denied relief on state procedural grounds, namely that Burnett's claims of trial court error and insufficient evidence "are not properly raised in a rule 3.850 motion and must be raised on direct appeal." (Doc. 17-8, Ex. X) (first citing *Swanson v. State*, 984 So. 2d 629, 629 (Fla. 1st DCA 2008); then citing *Jones v. State*, 876 So. 2d 642, 644-45 (Fla. 1st DCA 2004); then citing *Smith v. State*, 41 So. 3d 1037, 1040 (Fla. 1st DCA 2010); and then citing *Jones v. State*, 699 So. 2d 809, 810 (Fla. 1st DCA 1997)). Burnett did not appeal. (*See* Doc. 1 at 8).

On November 27, 2017, Burnett filed another *pro se* Rule 3.850 motion challenging the sufficiency of the evidence on the issues of identity and the amount

of money that was stolen. (Doc. 17-8, Ex. Y). On January 3, 2018, the state circuit court denied relief on the following state procedural grounds (1) the claims were not cognizable in a Rule 3.850 motion because they were direct appeal issues; (2) the motion was successive and (3) the motion was an abuse of process. (Doc. 17-8, Ex. Z). Burnett did not appeal. (*See* Doc. 1 at 8).

Undeterred, on June 24, 2018, Burnett filed a third *pro se* Rule 3.850 motion challenging the sufficiency of the evidence. (Doc. 17-8, Ex. AA). On August 6, 2018, the state circuit court denied the motion with prejudice on the same state procedural grounds as before. (Doc. 17-8, Ex. BB). Burnett did not appeal. (*See* Doc. 1 at 8).

On August 22, 2018, Burnett filed a fourth *pro se* Rule 3.850 motion asserting the same claim as his third motion. (Doc. 17-8, Ex. CC). On October 2, 2018, the state circuit court denied the motion as successive and an abuse of process. (Doc. 17-9, Ex. EE). Burnett did not appeal. (*See* Doc. 1 at 7).

On September 6, 2018, the state circuit court ordered Burnett to show cause why he should not be subject to sanctions, including the forfeiture of gain time and the loss of his ability to file *pro se* pleadings. (Doc. 17-8, Ex. DD). Burnett filed a response. (Doc 17-9, Ex. FF). On October 26, 2018, the state circuit court issued an

order imposing sanctions, including a prohibition on Burnett filing future *pro se* pleadings. (Doc. 17-9, Ex. GG).

Burnett filed his *pro se* federal habeas petition on March 27, 2019. (Doc. 1 at 1). The petition raises seven claims:

> Ground One: The evidence was insufficient to support his conviction because the victim testified that the robber stole $600-$700 and a money order, and the amount of currency seized from his bedroom was $599.
>
> Ground Two: The evidence was insufficient to support his conviction because the recording of his telephone call from the jail did not prove that he was the robber.
>
> Ground Three: The evidence was insufficient to support his conviction because the pants seized from his bedroom did not prove that he was the robber.
>
> Ground Four: The evidence was insufficient to support his conviction because the black t-shirts seized from his bedroom did not prove that he was the robber.
>
> Ground Five: The evidence was insufficient to support his conviction because there was no fingerprint evidence placing him at the crime scene.
>
> Ground Six: The victim's prior, out-of-court identification of Burnett as the robber was insufficient to support his conviction.
>
> Ground Seven: The foregoing six grounds for relief establish that his conviction constitutes fundamental error.

(Doc. 1 at 10-35).

Burnett concedes that he has not presented any of his claims to the state courts. (Doc. 1 at 13-14, 17-18, 21-22, 26-27, 36). He explains:

> None of the grounds been presented because this I believe is the most beneficial way to obtain immediate release. Therefore all the grounds raised in this petition ha[ven't] been presented in either state or federal court.

(*Id*. at 36).

The State asserts that Burnett is not entitled to habeas relief because (1) his first six claims are procedurally defaulted; (2) his seventh claim is not cognizable on federal habeas review; and (3) all of his claims lack merit.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A.   Federal Habeas Exhaustion Requirement

Before seeking federal habeas relief under § 2254, the petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim" to the state's highest court, either on direct appeal or on collateral review. *Picard*, 404 U.S. at 277-78; *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

A claim that was not presented to the state courts and which no longer can be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40; *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts). A claim also is considered procedurally defaulted if it was presented to the state court but rejected on an independent and adequate state procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts.").

In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). In the second instance, the federal court must determine whether the state's procedural default ruling rested on an adequate state ground independent of the federal question. *See Harris v. Reed*, 489 U.S. 255 (1989).

A petitioner seeking to overcome a procedural default must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This standard is very difficult to meet:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

513 U.S. at 327.

**B.    Burnett's Claims are Procedurally Defaulted**

All of Burnett's claims challenge the sufficiency of the evidence to support his conviction. All of his claims could have been brought in his direct appeal. Burnett

concedes—and the record confirms—that he did not raise any of his federal habeas claims in the state courts. Burnett, therefore, failed to exhaust his state court remedies, and his claims are procedurally defaulted. *O'Sullivan*, 526 U.S. at 839-40; *Chambers*, 150 F.3d at 1326-27; *Bailey*, 172 F.3d at 1305; *see also Lambrix v. State*, 559 So. 2d 1137, 1138 (Fla. 1990) (stating that a claim of error "based on information which was contained in the original record of the case . . . must be raised on direct appeal."); Fla. R. Crim. P. 3.850(c) (prohibiting direct appeal issues from being raised in a motion for postconviction relief); *see also, e.g., Eato v. Sec'y, Dep't of Corr.*, 610 F. App'x 954 (11th Cir. 2015) (concluding that all of petitioner's habeas claims were procedurally defaulted because they could have been brought on direct appeal but were not presented to any state court).

To the extent Burnett raised one or more of his claims in a Rule 3.850 motion, the claims still are procedurally defaulted for two reasons. First, the state circuit court's conclusion that Burnett's claims were barred by Florida's rule prohibiting claims of insufficient evidence from being raised in a collateral proceeding was a state law ground independent of the federal question and adequate to support the court's judgment. *See* Fla. R. Crim. P. 3.850(c); *Smith*, 41 So. 3d at 1040 ("[C]laims of insufficient evidence have long been held to be procedurally barred in collateral proceedings."). The Eleventh Circuit "already [has] concluded that the procedural

requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law." *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n. 25 (11th Cir. 2005) (citing *Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir. 1990)).

Second, Burnett did not appeal any of the state circuit court's orders denying postconviction relief. Florida's established postconviction process requires an appeal from the order denying postconviction relief. *See* Fla. R. Crim P. 3.850(k); Fla. R. App. P 9.141(b)(3); *see also Nieves v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 520, 521 (11th Cir. 2019) (citing *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979)); *Rodwell v. Singletary*, 114 F. Supp. 2d 1308, 1312 (M.D. Fla. 2000). Burnett's failure to invoke one complete round of Florida's established appellate review process is an additional reason why his claims were not exhausted through his postconviction efforts.

Burnett makes none of the requisite showings to excuse his procedural default. Burnett's procedural default bars federal habeas review of his claims.

### III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the

requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Geraldo O'Keith Burnett*, Escambia County Circuit Court Case No. 2013-CF-3818, be **DENIED**.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City, Florida, this 8th day of July, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**